**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CARMEN McLAURIN,**

      **Plaintiff,**               **CIVIL ACTION NO. 09-cv-13174**

  **VS.**                               **DISTRICT JUDGE JULIAN ABELE COOK**

**DETROIT ENTERTAINMENT,**  **MAGISTRATE JUDGE MONA K. MAJZOUB**
**LLC, d/b/a MOTOR CITY**
**CASINO,**
      **Defendant.**
                                /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE
ORDER (DOCKET NO. 4) AS MOOT AND DENYING WITHOUT PREJUDICE
DEFENDANT'S MOTION FOR PROTECTIVE ORDER PURSUANT TO
FRCP 5.2 AND 26(C) (DOCKET NO. 6)**

These matters are before the Court on Defendant's Motion for Protective Order (docket no. 4) filed on October 6, 2009 and Defendant, Detroit Entertainment, L.L.C.'s Motion for Protective Order Pursuant To FRCP 5.2 and 26(c) (docket no. 6) filed on November 16, 2009. Plaintiff has not filed a response to either of Defendant's Motions and they remain unopposed. (Docket nos. 4, 6). The motions have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 5, 8). The motions are ready for ruling. E.D. Mich. LR 7.1(f)(2), (docket no. 9).

Plaintiff brings this action alleging that she was a business invitee on Defendant's Motor City Casino premises and Defendant violated her fourth and fourteenth amendment rights under the United States Constitution when its employees and/or agents detained her, searched and seized her and forcibly ejected her from the Motor City Casino premises. (Docket no. 1-2).

Defendant argues that a confidentiality agreement is necessary before it discloses documents and items responsive to the initial disclosure requirements of Fed. R. Civ. P. 26(a) and other unidentified requests for discovery by Plaintiff. Defendant alleges that on September 15, 2009 its counsel sent a letter to Plaintiff's counsel in which Defendant identified documents that it would produce to Plaintiff pursuant to a protective order and on October 2, 2009 Defendant produced the Rule 26 disclosure of information and asked Plaintiff to agree to a stipulated protective order. Plaintiff has not consented to the entry of a Protective Order[1]. From Defendant's pleadings it does not appear that Defendant has provided copies of all documents and other tangible things that it may use to support its claims or defenses, as Rule 26(a)(1)(B) requires.

Rule 26(c), Fed. R. Civ. P., allows the Court to enter a protective order "for good cause shown" to protect a party by requiring that confidential material not be revealed or be revealed only in a designated way. When a business seeks protection of trade secret or commercial information, it must show that disclosure would cause "a clearly defined and very serious injury." *See Waelde v. Merck, Sharp & Dohme*, 94 F.R.D. 27, 28 (E.D. Mich. 1981) (citations omitted); *see also Easton Sports, Inc. v. Warrior Lacrosse, Inc.,* 2006 WL 2708550 (E.D. Mich. Sept. 20, 2006). Such a showing requires specific demonstrations of fact, supported by concrete examples and affidavits. *Easton Sports, Inc.*, 2006 WL 2708550.

---

[1] Defendant in its November Motion for Protective Order (docket no. 6) references the "proposed documents to be attached to [its] . . . Answers to plaintiff's Combined Discovery Requests . . ." (Docket no. 6 ¶ 5). Defendant has not attached any discovery requests to its motion or otherwise specifically identified discovery requests made by Plaintiff. E.D. Mich. LR 37.2. The remainder of both motions refers to Rule 26 disclosures.

The burden of showing good cause for a protective order to issue rests with the party requesting the protective order. *See Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991).

> The party must make a particular request and a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one.... This requirement furthers the goal that the Court only grant as narrow a protective order as is necessary under the facts. *Id.* at 412.

Defendant alleges that the reports, statements, photographs and video footage which it will produce to Plaintiff "contain proprietary information, personal information, and potentially sensitive commercial information, which Defendant . . . does not want released to the general public or competitors." Defendant has submitted a Proposed Protective Order to the Court with each of its two Motions For Protective Order. (Docket nos. 4-2, 6-2). The November Proposed Protective Order (docket no. 6-2) seeks to protect "any documents concerning individual incidents, the internal policies, procedures and/or general operation of the Motor City Casino and video tapes." (Docket no. 6-2). Defendant in its Motion for Protective Order (docket no. 6) provided the following specific list of the items "to be produced to Plaintiff" and which it seeks to protect:

a. DVD video which shows the inside of the casino, locations of cameras and proprietary information that has value only to Defendant;

b. Surveillance video spreadsheet identifying cameras and descriptions of chips taken;

c. Security Incident Report which provides MGCB badge numbers (MGCB is undefined in either of Defendant's Motions);

d. 86 Report which provided MGCB badge numbers and security report numbers;

e. Voluntary Statement of Christina Shell (otherwise unidentified by Defendant);

3

f. Voluntary Statements of Cheryl Dobush, Linda Jennings and Reginald Swimms, which provide "MGCB" badge numbers;

g. Voluntary statement of Beverly Richards, which provides a partial social security number, home address and residential telephone number, as well as MGCB badge number;

h. Voluntary Statement of Denise Hill (otherwise unidentified) which provides the witness's (sic) home telephone number; and

i. Voluntary Statement of Ralph Weber containing his residence telephone number and address and MGCB badge numbers.

Defendant has failed to properly support its motion. Defendant makes only broad and conclusory allegations that these documents and items include proprietary information, personal information and potentially sensitive commercial information. Defendant has not made specific allegations of potential harm or provided support for the same.

Of the documents and items which Defendant has identified in its Motion (docket no. 6) the Court would have to speculate that the DVD video of the casino, which includes the locations of cameras, and the surveillance video spreadsheet which identifies cameras and chips taken may be proprietary information and potentially confidential commercial information because Defendant has not shown good cause or otherwise explained why these items should be subject to a protective order. Similarly, Defendant has not shown good cause for subjecting the remainder of the documents to a protective order, including the security incident report, the 86 Report and the voluntary statements of individuals. Fed. R. Civ. P. 26(c)(1). Despite Defendant's repeated references to "MGCB badge numbers," Defendant has neither defined "MGCB badge numbers" nor

explained why they should be subject to a protective order. Further, Defendant has not shown why voluntary statements from employees and possibly non-employees should be protected. The Court is again left to speculate as to the necessity of a protective order. Defendant's allegations are not sufficient to grant its motion and Defendant has not met its burden in showing good cause to protect these documents. The Court recognizes that social security numbers, such as that of B. Richards, should be redacted prior to any production.

With respect to the form of Defendant's proposed Protective Order (docket no. 6-2), the Court finds that the protective conditions of the proposed Order purport to allow the use of protected material in the trial of Plaintiff's action and allow the documents, video tapes and other items to be disclosed to counsel of record, their staff, witnesses or consultants, and the Court and Court personnel. Consistent with the Court's findings herein, however, the scope of Defendant's Protective Order is overly broad in its reach to "any of the documents concerning individual incidents, the internal policies, procedures and/or general operation of the Motor City Casino and video tapes . . . ." (Docket no. 6-2). Substantively, it appears that Defendant proposes to produce all of its documents and items pursuant to the proposed protective order. The Court finds that this is not sufficiently narrow to address the parties' respective needs. The proposed Protective Order does not provide a method for designating which documents are being produced pursuant to the Protective Order, for example, by stamping each protected page or item as "Confidential." The Court also finds that Defendant's proposed Protective Order does not contain provisions for maintaining the confidentiality of documents and/or information used and filed with the Court.

The Court will deny without prejudice Defendant's Motion for Protective Order filed on November 16, 2009. (Docket no. 6). The Court will order that on or before March 12, 2010

5

Defendant will revise its proposed Protective Order to address the concerns raised herein. Plaintiff's counsel will then review Defendant's revised Protective Order. If the parties cannot agree on the need for the Protective Order and the form thereof, Defendant may again ask the Court to enter a protective order. Any such motion must be filed on or before March 26, 2010.

Due to Defendant having filed two Motions for Protective Order, and the Court finding that the Motion filed on November 16, 2009 (docket no. 6) more specifically identifies the documents and items for which Defendant seeks protection and the related issues than the Motion for Protective Order filed on October 6, 2009 (docket no. 4), the Court will deny the October 6, 2009 Motion (docket no. 4) as moot in light of its ruling herein on the November 16, 2009 Motion (docket no. 6).

**IT IS THEREFORE ORDERED** that Defendant's Motion For Protective Order Pursuant To FRCP 5.2 and 26(c) (docket no. 6) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that on or before March 12, 2010 Defendant is to revise its proposed Protective Order to address the concerns raised herein and present such proposed Protective Order to Plaintiff.

**IT IS FURTHER ORDERED** that Defendant's Motion For Protect Order (docket no. 4) filed on October 6, 2009 is **DENIED AS MOOT**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 03, 2010        s/ Mona K. Majzoub
                                                                               MONA K. MAJZOUB
                                                                               UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

       I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Date: March 03, 2010                      s/ Lisa C. Bartlett
                                                    Case Manager